EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes

LORETTA SHEEHAN #4160
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: loretta.sheehan@usdoj.gov

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 3 0 2006

at _____ o'clock and ____ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-0076 SOM |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT; |
| | ) | EXHIBIT "A" |
| | ) | |
| vs. | ) | Date: June 30, 2006 |
| | ) | Time: 9:30 a.m. |
| FROILAN ARELLANO LUGA, | ) | Judge: Susan Oki Mollway |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant, FROILAN ARELLANO LUGA, and his attorney, Gurmail G.

Singh, have agreed upon the following:

1.    Defendant acknowledges that he has been charged in

the Indictment with violating Title 18, United States Code,

Section 2113(a).

2.   Defendant has read the charge against him contained in the Indictment, and that charge has been fully explained to him by his attorney.

3.   Defendant fully understands the nature and elements of the crime with which he has been charged.

4.   Defendant will enter a voluntary plea of guilty to the Indictment charging him with attempted bank robbery.  The United States agrees not to charge the Defendant with 2 counts of bank fraud based on the defendant's September 3, 2003 withdrawal of $1000 cash from the account of City Bank customer "N.L." and the defendant's September 30, 2003 withdrawal of $1000 cash from the account of City Bank customer "M.M."  It further is the defendant's understanding that the State of Hawaii does not intend to charge the defendant with forgery and/or theft based on the defendant's September 3, 2003 withdrawal of $1000 cash from the account of City Bank customer "N.L." and the defendant's September 30, 2003 withdrawal of $1000 cash from the account of City Bank customer "M.M." based on the letter from First Deputy Iwalani White, attached as Exhibit A.

5.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   Defendant enters this plea because he is in fact guilty of attempting to rob City Bank as charged in the

Indictment, and agrees that this plea is voluntary and not the result of force or threats.

       7.  Defendant understands that the penalties for the offenses to which he is pleading guilty include:

          a.  up to 20 years imprisonment;

          b.  a fine of up to $250,000;

          c.  a term of supervised release of not less than two years and not more than three years;

          d.  restitution pursuant to Title 18, United States Code, Section 3663 et seq.

       In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty.  Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

       8.  Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a.  On December 31, 2003, the Defendant changed his clothes, took off his glasses, put on a wig, and entered the main branch of City Bank, located at 201 Merchant Street, Honolulu, Hawaii, in the District of Hawaii.

He handed a teller a note which read "I have a gun if you don't want me to shoot you give me $10,000 from your bottom drawer.  If you push your alarm button under your window and will shoot and don't tell anyone."

The teller became frightened and intimidated.  She retrieved approximately $7,000 from her cash drawer and offered it to the defendant.  The defendant demanded the full $10,000.  The teller walked towards the vault for the additional cash and spoke with a co-worker.  The co-worker instructed her to tell the defendant that the bank did not have the additional money.

The teller returned to her window and told the defendant that the bank did not have the additional money.  She again offered him the $7,000.  The defendant said, "forget it; let it go."  He retrieved his demand note and walked out of the bank.

As of December 31, 2003, the deposits of City Bank were insured by the Federal Deposit Insurance Corporation.

9.  Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading

4

guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

       10.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

       a.   Factual stipulations: The parties stipulate to the facts as contained in paragraph 8.

       b.   Offense level stipulations: none.

       c.   The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that

either the probation office finds to the contrary of the
prosecution's intentions or the Court requests that evidence be
presented on those issues.

11.  The parties agree that notwithstanding the
parties' Agreement herein, the Court is not bound by any
stipulation entered into by the parties but may, with the aid of
the presentence report, determine the facts relevant to
sentencing.

12.  The Defendant is aware that he has the right to
appeal the sentence imposed under Title 18, United States Code,
Section 3742(a).  Defendant knowingly waives the right to appeal,
except as indicated in subparagraph "b" below, any sentence
within the maximum provided in the statute(s) of conviction or
the manner in which that sentence was determined on any of the
grounds set forth in Section 3742, or on any ground whatever, in
exchange for the concessions made by the prosecution in this plea
agreement.

a.  The Defendant also waives his right to
challenge his sentence or the manner in which it was determined
in any collateral attack, including, but not limited to, a motion
brought under Title 28, United States Code, Section 2255, except
that defendant may make such a challenge (1) as indicated in
subparagraph "b" below, or (2) based on a claim of ineffective
assistance of counsel.

6

b.   If the Court imposes a sentence greater than
specified in the guideline range determined by the Court to be
applicable to the Defendant, the Defendant retains the right to
appeal the  portion of his sentence greater than specified in
that guideline range and the manner in which that portion was
determined under Section 3742 and to challenge that portion of
his sentence in a collateral attack.

c.   The prosecution retains its right to appeal
the sentence and the manner in which it was determined on any of
the grounds stated in Title 18, United States Code, Section
3742(b).

13.   The Defendant understands that the District Court
in imposing sentence will consider the provisions of the
Sentencing Guidelines.   The Defendant agrees that there is no
promise or guarantee of the applicability or nonapplicability of
any Guideline or any portion thereof, notwithstanding any
representations or predictions from any source.

14.   The Defendant understands that this Agreement will
not be accepted or rejected by the Court until there has been an
opportunity by the Court to consider a presentence report, unless
the Court decides that a presentence report is unnecessary.   The
Defendant understands that the Court will not accept an agreement
unless the Court determines that the remaining charges adequately
reflect the seriousness of the actual offense behavior

7

and accepting the agreement will not undermine the statutory
purposes of sentencing.

15. Defendant understands that by pleading guilty he
surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty
to the charges against him he would have the right to a public
and speedy trial. The trial could be either a jury trial or a
trial by a judge sitting without a jury. The Defendant has a
right to a jury trial. However, in order that the trial be
conducted by the judge sitting without a jury, the Defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random. Defendant
and his attorney would have a say in who the jurors would be by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or without cause by exercising
peremptory challenges. The jury would have to agree unanimously
before it could return a verdict of either guilty or not guilty.
The jury would be instructed that the Defendant is presumed
innocent, and that it could not convict him unless, after hearing
all the evidence, it was persuaded of his guilt beyond a
reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e.  At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

16.  Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

9

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED:  Honolulu, Hawaii, _June 30, 2006_.

AGREED:


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

FROILAN ARELLANO LUGA
Defendant


RONALD G. JOHNSON
Chief, Major Crimes

GURMAIL G. SINGH
Attorney for Defendant


LORETTA SHEEHAN
Assistant U.S. Attorney


10

DEPARTMENT OF THE PROSECUTING ATTORNEY

# CITY AND COUNTY OF HONOLULU

ALII PLACE
1060 RICHARDS STREET • HONOLULU, HAWAII 96813
PHONE: (808) 547-7400 • FAX: (808) 547-7515



PETER B. CARLISLE
PROSECUTING ATTORNEY

IWALANI D. WHITE
FIRST DEPUTY PROSECUTING ATTORNEY

June 29, 2006

Ms. Loretta Sheehan
Assistant U.S. Attorney
U.S. Attorney's Office
300 Ala Moana Blvd., Suite 6100
Honolulu, Hawaii 968509

      Re:    State of Hawaii v. Froilan Arrellano Luga
             HPD Nos. 03-404671 & 03-404585

Dear Ms. Sheehan:

      Our office agrees to decline to prosecute Froilan Arrellano Luga for forgery and theft based upon the above-listed investigations, in light of the United States' desire to incorporate those charges into a global plea agreement to be filed in the United States District Court under Criminal No. 04-0076 SOM.

             Very truly yours,

             IWALANI D. WHITE
             First Deputy Prosecuting Attorney

:jlt